**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (AKRON)**

| | | |
|---|---|---|
| DANIEL WERTHEIMER<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No.: 5:26-cv-1067<br><br>Judge<br><br>**ANSWER OF DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY TO PLAINTIFF'S COMPLAINT** |

For its Answer to the Complaint of Plaintiff Daniel Wertheimer ("Plaintiff"), Defendant State Farm Fire and Casualty Company ("State Farm") states as follows:

**FIRST DEFENSE**

**I. THE PARTIES**

1. State Farm admits that Plaintiff alleges he is the owner of the subject property located at 1717 Andrew St. NE, Hartville, Ohio, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

2. State Farm admits the allegations contained in Paragraph 2.

3. State Farm admits that it contracts with insureds and conducts business in Stark County, Ohio, but denies the remaining allegations in Paragraph 3.

4. State Farm admits that licensed insurance agents sell State Farm policies in the State of Ohio. State Farm denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. State Farm admits that it issued a homeowners insurance policy to Plaintiff; however, the policy is a written instrument that speaks for itself. To the extent Paragraph 5 purports

to characterize or interpret the terms of the policy, State Farm refers the Court to the policy for its complete and accurate contents.

6. State Farm admits that Plaintiff paid premiums as agreed under the policy, but denies the remaining allegations in Paragraph 6.

7. State Farm admits that Plaintiff reported submitted a claim for storm damage which purportedly occurred on March 25, 2023. Defendant denies all remaining allegations contained in Paragraph 7.

8. State Farm admits the allegations contained in Paragraph 8.

9. State Farm states that the insurance policy is a written instrument that speaks for itself. To the extent Paragraph 9 purports to characterize or interpret the policy, State Farm refers the Court to the policy for its complete and accurate statements.

10. State Farm denies the allegations in Paragraph 10.

11. State Farm denies the allegations in Paragraph 11.

12. In response to Paragraph 12 of the Complaint, State Farm states that there was a coverage dispute because Plaintiff submitted an estimate that included repairs beyond the scope of covered property damage whereas State Farm's estimate included repairs of only covered accidental damage or physical loss caused by the March 25, 2023 storm. State Farm denies the remaining allegations contained in paragraph 12 of the Complaint.

13. State Farm states that the insurance policy is a written instrument that speaks for itself. To the extent Paragraph 13 purports to quote, characterize, or interpret the policy, State Farm refers the Court to the policy for its complete and accurate contents.

14. State Farm admits that Plaintiff requested appraisal, however, State Farm avers that the appraisal process is inapplicable to the facts of this claim. State Farm further states that the

insurance policy is a written instrument that speaks for itself and refers the Court to the policy for its complete and accurate contents. State Farm denies the remaining allegations contained in Paragraph 14.

15. State Farm denies the allegations contained in Paragraph 15.

16. In response to Paragraph 16 of the Complaint, State Farm states that the letter dated July 10, 2023, is a document that speaks for itself. State Farm further states that the insurance policy is a written instrument that speaks for itself and refers the Court to the policy for its complete and accurate contents. To the extent that the allegations contained in Paragraph 16 are an inaccurate or incomplete recitation of said documents, the same are denied. State Farm denies any remaining allegations contained in Paragraph 16 of the Complaint.

17. State Farm denies the allegations contained in Paragraph 17.

18. In response to the allegations contained in Paragraph 18 of the Complaint, State Farm states that the letters dated September 16, 2024 and October 3, 2024, are documents that speak for themselves. To the extent that the allegations contained in Paragraph 18 are an inaccurate or incomplete recitation of said documents, the same are denied. State Farm denies all remaining allegations contained in Paragraph 18.

19. State Farm admits that Plaintiff previously filed an action on April 17, 2025, which was subsequently removed and then dismissed without prejudice.

20. State Farm states that the allegations contained in Paragraph 20 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, State Farm denies the allegations contained in Paragraph 20 of the Complaint.

21. State Farm admits that it drafted and/or prepared the policy at issue.

22. State Farm denies the allegations contained in Paragraph 22 of the Complaint.

23. State Farm denies the allegations contained in Paragraph 23 of the Complaint.

24. State Farm states that the allegations contained in Paragraph 24 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, State Farm denies that the policy is ambiguous.

25. State Farm states that the allegations contained in Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, State Farm denies the same.

26. State Farm states that the allegations contained in Paragraph 26 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, State Farm denies the same.

27. State Farm states that the allegations contained in Paragraph 27 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, State Farm denies the same.

28. State Farm admits that Plaintiff paid premiums as agreed under the policy, and State Farm denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. State Farm states that the allegations contained in Paragraph 29 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, State Farm denies the same.

30. State Farm states that the allegations contained in Paragraph 30 contain legal conclusions to which no response is required. To the extent a response is deemed necessary, State Farm denies the allegations contained in Paragraph 30.

31. State Farm states that the allegations contained in Paragraph 31 contain legal conclusions to which no response is required. State Farm further states that the insurance policy is

a written instrument that speaks for itself and refers the Court to the policy for its complete and accurate contents. State Farm denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. State Farm denies the allegations contained in Paragraph 32.

33. State Farm denies the allegations contained in Paragraph 33.

34. State Farm denies the allegations contained in Paragraph 34.

35. In response to Paragraph 35 of the Complaint, State Farm admits that it owed a duty of good faith to Plaintiffs and further avers that it acted in accordance with that duty at all times relevant to this claim. State Farm denies all remaining allegations in Paragraph 35 of the Complaint.

36. State Farm denies the allegations contained in Paragraph 36.

37. State Farm states that the insurance policy is a written instrument that speaks for itself. To the extent Paragraph 37 purports to characterize or interpret the policy, State Farm refers the Court to the policy for its complete and accurate contents. State Farm denies all remaining allegations contained in Paragraph 37.

38. State Farm denies the allegations contained in Paragraph 38.

39. State Farm denies the allegations contained in Paragraph 39.

40. State Farm denies the allegations contained in Paragraph 40.

41. State Farm denies State Farm denies the allegations contained in Paragraph 41.

42. State Farm denies the allegations contained in Paragraph 42.

43. State Farm denies the allegations contained in Paragraph 43.

44. State Farm denies the allegations contained in Paragraph 44.

45. State Farm denies the allegations contained in Paragraph 45.

46. State Farm denies the allegations contained in Paragraph 46.

47. State Farm denies the allegations contained in Paragraph 47.

48. State Farm denies the allegations contained in Paragraph 48.

49. State Farm denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint, including but not limited to compensatory damages, punitive damages, attorneys' fees, costs, or any other relief whatsoever.

50. State Farm denies each and every allegation in the Complaint not specifically admitted herein above.

**SECOND DEFENSE**

49. The Complaint fails to state a claim upon which relief may be granted as to State Farm, and therefore the Complaint should be dismissed.

**THIRD DEFENSE**

50. Plaintiff's Complaint is barred as a result of the good faith of State Farm and State Farm's adjusters in addressing or handling Plaintiff's claims.

**FOURTH DEFENSE**

51. Plaintiff's injuries, losses, and damages, if any, were caused by the superseding, intervening, and/or independent negligent or intentional misconduct of other persons or entities and were not the result of any act or omission of State Farm.

**FIFTH DEFENSE**

52. Plaintiff's damages, if any, may be the direct and proximate result of the acts or omissions of parties for whom State Farm is not responsible or liable.

**SIXTH DEFENSE**

53. Plaintiff's claims are barred to the extent Plaintiffs, or any other persons or entities responsible for doing so, failed to comply with any of the terms, conditions, or other provisions of any State Farm insurance policy at issue, including, but not limited to, failing to cooperate with State Farm in the investigation and adjustment of the loss.

**SEVENTH DEFENSE**

54. Plaintiff's claims are barred or limited to the extent set forth, required, or permitted by any of the terms, conditions, exclusions, or other provisions of the State Farm insurance policy at issue.

**EIGHTH DEFENSE**

55. Plaintiff's Complaint may be barred by the doctrine of laches, waiver, and/or estoppel.

**NINTH DEFENSE**

56. Plaintiff's claims should be reduced in whole or in part because of Plaintiffs' failure to mitigate damages.

**TENTH DEFENSE**

57. State Farm is entitled to a set-off, reduction, and/or limitation of damages pursuant to the Policy, any applicable statutes, or otherwise, including a credit for any prior claim payments made to Plaintiff by State Farm and any payments by any person or entity found to have caused or contributed to Plaintiff's alleged damages. Moreover, State Farm is entitled to enforce any and all provisions, restrictions, set-offs, or other protections afforded by the law applicable to this matter.

**ELEVENTH DEFENSE**

58. Plaintiff's Complaint fails to state a valid claim for costs, attorneys' fees, or interest.

## TWELFTH DEFENSE

59. Plaintiffs' Complaint is barred as a result of the good faith of State Farm and State Farm's adjusters in addressing or handling Plaintiff's claims.

## THIRTEENTH DEFENSE

60. Plaintiffs' claims are barred or limited to the extent Plaintiffs seek coverage for a loss that is the result of defect, weakness, inadequacy, fault, or unsoundness in design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction; or materials used in repair, construction, renovation, remodeling, grading, or compaction.

## FOURTEENTH DEFENSE

61. Plaintiff's Complaint is barred as the liability for and extent of Plaintiff's alleged damages are fairly debatable.

## FIFTEENTH DEFENSE

61. Plaintiff's Complaint fails to state a valid claim for punitive damages or costs. Moreover, Plaintiff's claim for punitive damages is barred or limited under law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection by law, and the guarantees against undue burden upon commerce set forth in the United States Constitution.

## SIXTEENTH DEFENSE

62. Plaintiff's claims are barred to the extent that any loss at issue did not exceed the Policy's deductible.

**SEVENTEENTH DEFENSE**

63. Plaintiff's claims are or may be barred due to late notice of the claim to State Farm.

**EIGHTEENTH DEFENSE**

64. Plaintiff's claims are barred or limited due to spoliation of evidence.

**NINTEENTH DEFENSE**

65. Plaintiff's claim is barred by the applicable suit limitation provision contained in the policy and/or statute of limitations.

**TWENTIETH DEFENSE**

66. State Farm reserves the right to assert additional affirmative defenses disclosed through discovery or otherwise.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant State Farm Fire and Casualty Company prays the same be dismissed and that judgment be rendered in favor of State Farm and that State Farm recover its costs expended herein as well as any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Melanie Morgan Norris*

Melanie M. Norris, Esq. (0073506)
DINSMORE & SHOHL, LLP
2100 Market Street
Wheeling, West Virginia, 26003
Phone: 304-230-1700
Facsimile: 304-230-1610
EM: melanie.norris@dinsmore.com

*Attorney for Defendant State Farm Fire and Casualty Company*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (AKRON)**

| | | |
|---|---|---|
| DANIEL WERTHEIMER | : | Case No.: 5:26-cv-1067 |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| vs. | : | |
| | : | **ANSWER OF DEFENDANT** |
| STATE FARM FIRE AND | : | **STATE FARM FIRE AND** |
| CASUALTY COMPANY | : | **CASUALTY COMPANY TO** |
| | : | **PLAINTIFF'S COMPLAINT** |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2026, the foregoing document was electronically filed with the Clerk of Courts for the U.S.D.C. for the Northern District of Ohio, Eastern Division (Akron) via the Court's CM/ECF system and a copy was served upon the below-listed counsel for Plaintiff via electronic mail on this same date.

Colin Sammon, Esq.
Sammon Law, LLC
4391 Shady Brooke Run
Medina, Ohio 44256
(216) 978-3308
colin@sammonlaw.com

*Counsel for Plaintiff*

*/s/ Melanie Morgan Norris*
Melanie M. Norris, Esq. (0073506)
*Attorney for Defendant State Farm Fire & Casualty Company*