**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL WERTHEIMER, | ) | Case No. 5-26-cv-1067 |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND | ) | |
| CASUALTY COMPANY, | ) | |
| Defendant. | ) | |

**RULE 26(F) REPORT OF THE PARTIES**
(updated January 2, 2024)

When preparing this Report, please note that the Court will refer back to this document throughout the pretrial management of the case.

**1. Attendance at 26(f) Conference.**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3, a conference was held on June 22, 2026 in person/over the phone/by Zoom, and attended by:

Colin Sammon, Esq.

Mackie Anderson, Esq.

**2. Initial Disclosures.**

The Court ***strongly*** prefers that the parties exchange *robust* initial disclosures at least 7 days *before* the Rule 26(f) conference to facilitate discussions.

**SCHEDULING THE CASE MANAGEMENT CONFERENCE:**

At the request of the parties, the Court will reschedule the case management

conference to allow the parties to exchange initial disclosures before the Rule 26(f) conference.

**IMPORTANT NOTICE FOR PARTIES:**

Before counsel commit to dates and a discovery plan, the Court expects that they have consulted with their respective clients and that clients have provided counsel with sufficient and accurate information to conduct a meaningful conference with opposing counsel and the Court, including on matters regarding discovery of electronically stored information and the key issues on which the parties require early and limited discovery or rulings to facilitate prompt resolution, if one is possible.

Once the Court sets dates at the case management conference or at any subsequent conference, the Court will *not* change those deadlines without a showing of good cause. Good cause does not include a failure to conduct a reasonable investigation or to have an adequate conference about the issues before the deadline was set.

The parties:

___ have exchanged the initial disclosures required by Rule 26(a)(1);

_X_ will exchange such disclosures by July 1, 2026.

If selecting this option, please explain why counsel decided to hold the Rule 26(f) conference without the benefit of initial disclosures: Defense counsel had questions regarding Plaintiff's representation.

___ have not been required to make initial disclosures.

If selecting this option, please identify the provision of Rule 26 authorizing an exemption:

**3. Track.**

The parties recommend the following track for this matter:

_X_ Standard ___ Expedited ___ Complex

____ Administrative ___ Mass Tort

**4. Consent to Magistrate Judge.**

The parties ___ **DO / _X_ DO NOT** consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

Short of the case as a whole, are there any specific issues or limited proceedings, such as motions for preliminary injunction, hearings, or discovery geared toward a dispositive issue, for which partial consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c) might be appropriate?

If so, please identify those issues or proceedings to which the parties are willing to consent:

**5. Preservation.**

Did the parties discuss issues relating to the preservation of documents?

_X_ Yes ___ No

Did the parties discuss issues relating to the preservation of electronically stored information, including emails, social media, or other information?

_X_ Yes ___ No

**6. Electronically Stored Information.**

Have counsel conferred with their respective clients about the types, sources, and volume of potentially discoverable electronically stored information?

Counsel for Plaintiff: _yes

Counsel for Defendant: yes

The parties:

___ agree that there will be no discovery of electronically stored information;

_X_ have agreed to a method for conducting discovery of electronically stored information, which they will submit to the Court for entry by N/A;

or

State Farm's Claim File has a distinct meaning to State Farm based upon the portion of its Operation Guide that provides instructions on what to retrieve from ECS to generate a Claim File for production outside the ECS environment. The parties have conferred and agreed that State Farm's may be produced in a PDF format. To the extent that any additional ESI discovery is sought, the parties have agreed to meet and confer in good faith to reach an agreement on a list of custodians, appropriate date ranges, and keyword search terms to assist with locating potentially relevant and responsive ESI. Any ESI may also be produced in a PDF format.

___ have agreed to follow the default standard for discovery of electronically stored information found in Appendix K to the Local Rules.

If using Appendix K to the Local Rules, by initialing below counsel certify that they exchanged the information required by Paragraphs 3(a) and 3(d) of Appendix K and designated an e-discovery coordinator pursuant to Paragraph 4.

Counsel for Plaintiff

Counsel for Defendant

Please identify the designated e-discovery coordinator:

Plaintiff:

Defendant:

**7. Claims of Privilege or Protection.**

The parties have discussed issues regarding information protected by attorney-client privilege and the work-product doctrine:

_X_ Yes ___ No

The parties have agreed to a procedure, or any other agreement, to assert these claims under Rule 502 of the Federal Rules of Evidence:

_X_ Yes ___ No

The parties have agreed on a procedure to assert claims of privilege or protection *after* production:

_X_ Yes ___ No

The parties have agreed on the timing, contents, and format for privilege logs.

_X_ Yes ___ No

The parties agree that the Court should enter an order pursuant to Rule 502(d) that attorney-client privilege or work-product protection is not waived by disclosure connected to this matter pending before the Court, and further that any such disclosure does not operate as a waiver in any other federal or State proceeding:

_X_ Yes ___ No

If the parties do not believe the Court should enter an order pursuant to Rule 502(d), please explain:

**8. Protective Order.**

The parties have discussed whether the Court should enter a protective order to facilitate discovery:

_X_ Yes ___ No

The parties believe the Court should enter a protective order in this case:

___ Yes

___ No

_X_ Not at this time, but possibly later

___ The parties disagree

If yes, the parties agree to follow the form protective order found in Appendix L to the Local Rules:

___ Yes ___ No

If the parties believe that the case warrants use of the two-tier version of the Appendix L protective order, please say so here and briefly indicate why:

If not, please explain what variations to the form protective order found in Appendix L are needed:

**9. Recommended Plan for Case Management and Discovery.**

**IMPORTANT NOTICE FOR PARTIES:**

At the request of the parties, the Court will reschedule the case management conference to allow counsel to provide as complete, specific, and meaningful information as possible in this section.

The Court understands that the information provided here will change during the course of litigation, but expects parties to exercise reasonable diligence and act in good faith to provide this information at the outset of the case.

What are the *specific* disputes of fact or law at the heart of the case that will drive dispositive motions, trial on the merits, or another resolution?

- Whether some or all of Plaintiffs' claims are time-barred
- Whether the Plaintiffs can prove breach of contract
- Whether the Plaintiffs can prove bad faith
- Whether the Plaintiffs can prove damages from the alleged breach of contract and/or bad faith

Bearing in mind the proportionality requirement of Rule 26(b)(1), please provide the following information:

What discovery, if any, is necessary to frame the disputes of law or fact identified above or other key issues? If that discovery includes depositions, please identify the deponent by name (if known), with a brief description of the witness's role in the case and what information the party taking the deposition seeks to discover.

As to Plaintiff, depositions of the following employees, contractors and/or representatives of State Farm:

Ralph Tucker – prepared State Farm estimate

Raymond Anthony Yescas – prepared State Farm estimate

Dawana Owens – author of appraisal denial

Others to be identified once the State Farm claims file is produced

State Farm 30(b)(6) witness on topics to be identified once claim file is produced

As to the Defendant, depositions of the Plaintiff and his respective Contractors and appraisers will be necessary.

Again, mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

Not including discovery regarding authenticity, ministerial matters, or the like:

How many requests for production of documents do counsel anticipate serving?

Plaintiff: Approximately 30

Defendant: Approximately 30 for each set of Plaintiffs

How many requests for admission do counsel anticipate serving?

Plaintiff: Approximately 30

Defendant: Approximately 15 for each set of Plaintiffs

What motions, if any, do the parties anticipate filing?

Plaintiff: Motion for Summary Judgment

Defendant: Motion to Sever; Motion for Judgment on the Pleadings; Motion for Summary Judgment. Defendant also reserve the right to file a Motion to Bifurcate and Stay the bad faith claims from the contractual claims and any discovery related motions or motions in limine that may become necessary.

Do the parties anticipate serving any third-party subpoenas? If so, please identify the recipients and information sought:

Plaintiff: Unknown at this time, may be dependent on the contents of the claim file.

Defendant: At this time, unknown. Defendant reserves the right to do so once initial discovery has been completed. Mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

Please identify the subjects, if any, on which the parties anticipate expert testimony:

Plaintiff: bad faith

Defendant: breach of contract and bad faith

Please describe, in detail, the additional subjects, if any, on which discovery is likely to be sought, as well as the nature and extent of that anticipated discovery:

What changes, if any, should be made to the limitations on discovery under the Rules? Should discovery proceed in stages or phases or be sequenced in any particular fashion?

- No change to limitations on discovery rules are necessary.
- Defendant reserve the right to file a motion to bifurcate the bad faith claims from the contractual claims.

What other limitations on discovery, if any, do the parties believe should be imposed?

- None at this time.

What other issues do the parties anticipate arising in discovery or in the life of the case?

- None at this time.

**10. Alternative Dispute Resolution.**

The parties disagree that this matter:

___ is *presently suitable* for alternative dispute resolution ("ADR") and recommend the following method:

___ Early Neutral Evaluation ___ Mediation
___ Arbitration ___ Summary Jury Trial
___ Summary Bench Trial

_X_ is *not presently suitable* for ADR, but may be after some discovery.

If the parties believe this matter is not presently suitable for ADR but might be later, please identify with particularity what discovery would be necessary before ADR might be appropriate:

- Initial motions need to be decided.

___ is *not suitable* for ADR at any time.
If the parties believe this matter is not and will not be suitable for ADR at any time, please explain:

**11. Proposed Dates.**

**IMPORTANT NOTICE:**
If the Court enters a Case Management Order with dates the parties propose, those deadlines will not be adjusted except on a showing of good cause made sufficiently in advance of the deadline.
Subject to that admonition, the parties propose the following dates for this matter:

| | |
|---|---|
| Cut-off Date to Amend the Pleadings: | 08/31/2026 |
| Cut-off Date to Add Parties: | 08/31/2026 |
| Deadline for Motions Directed at the Pleadings: | 08/31/2026 |
| Fact Discovery Cut-Off: | 11/30/2026 |
| Initial Expert Report(s) Due: | 01/15/2027 |
| Rebuttal Expert Report(s) Due: | 02/15/2027 |
| Expert Discovery Cut-Off: | 04/15/2027 |
| Dispositive Motion Deadline: | 04/30/2027 |
| Status Conference: | May 2027 |

The next status conference should be held: by phone/using Zoom/in person.

- The parties prefer that it be held by phone of Zoom.

**12. Other Matters.**

If there are other matters the parties would like to bring to the Court's attention, please do so here:

- None at this time.

**Signatures, Representations, and Commitments:**

The Court requires counsel and parties to sign this Report, and they may do so in counterparts. Parties must physically (not electronically) sign; counsel may sign electronically.

In the case of an entity, the person signing this Report must identify his or her title and must have authority to bind the entity to the positions represented in this Report.

By signing this report, the parties certify that they have provided their counsel with sufficient and accurate information to conduct a meaningful conference after exercising reasonable diligence. Further, the parties certify that they have reviewed the information provided in Section 9 above.

By signing this report, the parties and their counsel certify that they have conferred in good faith, the answers and information provided in this Report are complete and accurate to the best of their knowledge after reasonable inquiry, and no position taken or stated in this Report is asserted for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Plaintiff

/s/ ______________

Attorney for Plaintiff

Defendant

/s/ ______________

Attorney for Defendant

**13. Litigation Funding**

Litigants must disclose any interest that might give rise to an actual conflict or the appearance of a conflict for any party, counsel, or the Court. Therefore, in addition to the disclosures under Local Rule 3.13 and Section 2 of the Court's Civil Standing Order, each party must submit a complete list of any persons, associations, firms, partnerships, corporations (including parent corporations, direct or indirect affiliates, joint venture partners, or others), guarantors, insurers, or other entities (other than counsel of record) which:

(a) have a financial interest (direct, indirect, or as a cross-holder) in the subject matter in controversy or in a party to the proceeding or in the stock of a party (or affiliate) to the proceeding;

(b) fund (directly or indirectly) the prosecution of any claim, defense, or counterclaims; or

(c) have any other interest that could be substantially affected by the outcome of the proceeding, including but not limited to actual or functional decision-making authority with respect to litigation strategy, settlement, or other decisions normally reserved to parties or counsel.

Each party may submit this disclosure *ex parte* by email to calabrese_chambers @ohnd.uscourts.gov.